# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **HALEY ROBINSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CASE NO.:** |
| **v.** ) | |
| ) | |
| **DOLGENCORP, LLC,** ) | |
| ) | **JURY DEMAND** |
| **Defendant.** ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Haley Robinson ("Ms. Robinson" or "Plaintiff"), by and through her undersigned counsel, and files this Complaint against the Defendant, Dolgencorp, LLC d/b/a Dollar General ("Dollar General" or "Defendant"). As grounds for this Complaint, Plaintiff states the following:

## JURISDICTION & VENUE

1. This is a suit authorized and brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," codified at 42 U.S.C. § 2000e *et seq.*, as amended by the "Civil Rights Act of 1991," ("Title VII").

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

3. The unlawful employment practices alleged in this Complaint were committed in Bibb County, in the Northern District of Alabama; therefore, venue lies within the Northern District of Alabama, pursuant to 28 U.S.C. § 1391.

## ADMINISTRATIVE EXHAUSTION

4. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on or about July 14, 2020. (See Exhibit "A"). Charge No. 420-2020-02539 (the "Charge") alleged that Defendant subjected Plaintiff to gender discrimination, in violation of Title VII.

5. The EEOC issued a Dismissal and Notice of Rights (the "RTS Notice") for both the Charge on May 17, 2021.

6. Plaintiff received the RTS Notice for the Charge that same day. (See Exhibit "B").

7. This Complaint is filed within ninety (90) days of Plaintiff's receipt of the RTS Notice.

8. Plaintiff has thus exhausted all administrative remedies available prior to filing this Complaint.

## PARTIES

9. Plaintiff is a citizen of the United States of America, who currently resides in Bibb County, Alabama.

10. Plaintiff is over the age of nineteen (19) years.

11. Defendant is an employer in the State of Alabama within the meaning of 42 U.S.C. § 2000e(b), in that it engages in an industry affecting commerce and employed fifteen (15) or more employees for the requisite duration under Title VII.

12. Defendant does substantial business throughout the state of Alabama, including at its retail location in West Blocton, Alabama, with the address, 4900 Truman Aldrich Parkway, West Blocton, Alabama 35184.

13. Defendant was, and is, Plaintiff's employer during all times relevant to this Complaint.

## FACTUAL ALLEGATIONS

14. Plaintiff is a woman.

15. On or about February 10, 2018, Defendant hired Plaintiff at Store number 14655 in Vance, Alabama, as a Sale Associate.

16. Plaintiff left her employment with Defendant in April 2019 to pursue another employment opportunity.

17. On January 29, 2020, Defendant re-hired Plaintiff at Store number 11293 in West Blocton, Alabama, as a part-time Lead Sales Associate.

18. On February 1, 2020, Defendant promoted Plaintiff to a full-time Lead Sales Associate.

19. The Lead Sales Associate performs the sale associate functions, while also assisting with store openings and closings.

20. If the Store Manager or Assistant Store Manager is absent, the Lead Sales Associate performs those duties.

21. A female employee by the name of "Nicole" held the Assistant Store Manager position in early 2020.

22. During that time, Plaintiff expressed her interest in becoming an Assistant Store Manager to her Store Manager, Miranda Pierce ("Ms. Pierce").

23. Ms. Pierce encouraged Plaintiff to speak with the District Manager, Tim Garrett ("Mr. Garrett") about her interest in an Assistant Store Manager role.

24. Mr. Garrett informed Plaintiff that she would be a great fit, if a position opened.

25. In or around June 2020, Nicole vacated the Assistant Store Manager position at Store 11293.

26. Upon learning of the vacancy, Plaintiff informed Ms. Pierce that she was interested in filling the position.

27. At that time, Ms. Pierce informed Plaintiff that she was qualified for the Assistant Store Manager position.

28. After Plaintiff informed Ms. Pierce about her interest, no one from Defendant's Management Team spoke with her about the position or otherwise indicated that she was being considered for the position.

29. Upon information and belief, Defendant hired for the position through an informal process.

30. Upon information and belief, the position was never formally posted, there was not a formal application process, and no interviews were conducted.

31. On or about June 9, 2020, Plaintiff learned that Defendant selected a man, Aubrey Elmore ("Mr. Elmore"), for the Assistant Manager Position at Store 11293.

32. Prior to his selection, Mr. Elmore worked as a Sales Associate at Store 11293.

33. Upon information and belief, Mr. Elmore had only worked for Defendant for approximately one (1) to two (2) months prior to his selection.

34. The afternoon of June 9, 2020, Plaintiff sent a text message to Ms. Pierce inquiring as to why she was not hired for the position.

35. Ms. Pierce responded to Plaintiff's text message the following day, stating, **"it is not because you don't deserve it. Tim [Mr. Garrett] felt I needed a male assistant to balance things here at the store. . . ."**

36. Defendant was motivated by Plaintiff's sex when it denied her the advancement opportunity, and corresponding benefits.

37. On or about June 27, 2020, Plaintiff transferred to Defendant's McCalla, Alabama location (Store number 21460).

38. Defendant allegedly initiated an investigation into Plaintiff's Charge filed with the EEOC on July 24, 2020, upon receipt of the filed Charge.

39. Defendant alleges that Employee Relations Managers Whitney Truscello ("Ms. Truscello") and Sara Duke ("Ms. Duke") contacted Ms. Pierce and Mr. Garrett during their investigation.

40. Defendant alleges that the investigation revealed there was a "miscommunication and/or misunderstanding between Mr. Garrett and Ms. Pierce."

41. Defendant then alleges that Plaintiff did not receive the promotion due to alleged "productivity issues."

42. However, Ms. Pierce admitted to Plaintiff that she was qualified for the position and that she would be a "great assistant."

43. To date, Plaintiff has never been warned, coached, counseled, or written-up for "productivity issues."

44. In fact, Plaintiff has only received positive performance evaluations throughout her employment with Defendant.

45. Notwithstanding the same, Defendant believed that it needed a male to "balance things" at the store.

46. Plaintiff continues to work for Defendant part-time.

47. Defendant's decision to not select Plaintiff for the Assistant Store Manager position was motivated by her sex.

## COUNT I: SEX DISCRIMINATION IN VIOLATION OF TITLE VII

48. Plaintiff re-alleges and incorporates by reference paragraphs four (4) through eight (8) and fourteen (14) through forty-seven (47) above with the same force and effect as if fully set out in specific detail herein below.

49. Plaintiff is a member of a protected class.

50. Plaintiff is a woman.

51. Plaintiff was, and remains, qualified to perform the duties of an Assistant Store Manager.

52. Plaintiff's role as a Lead Sales Associate qualified her to take over the Assistant Store Manager position at Store 11293.

53. Defendant had an informal hiring process for the Assistant Store Manager position.

54. Thus, Plaintiff was not able to submit an application to even be considered for the position.

55. In or around early June 2019, Plaintiff informed Ms. Pierce that she was interested in the vacant Assistant Store Manager position; therefore, Defendant had reason to consider her for the position.

56. However, Defendant did not consider Plaintiff for the position.

57. Despite Plaintiff's superior qualifications, Defendant hired Mr. Elmore for the Assistant Store Manager position.

58. Mr. Elmore is outside Plaintiff's protected class, and was markedly less qualified for the position.

59. Mr. Elmore held a lower position than Plaintiff prior to his selection, and had worked for the company for significantly less time than Plaintiff.

60. Defendant admitted that Plaintiff's sex motivated its decision not to select her for the promotion.

61. Defendant's decision-maker, Mr. Garrett, admitted that he needed a male in the position.

62. Defendant's decision not to hire Plaintiff for the Assistant Store Manager position was motivated by her sex.

63. Defendant's unlawful discrimination caused and continues to cause Plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and embarrassment.

WHEREFORE premises considered, Plaintiff demands judgment against Defendant for wage damages, compensatory damages, punitive damages, consequential damages, incidental damages, the costs of this action, interest, attorney's fees, and any other, further, and different relief to which she may be entitled.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**

Respectfully submitted,

*s/ Joshua A. Wrady*
Joshua A. Wrady (ASB-9617-J68W)
Courtney B. Crampton (ASB-3685-J61X)
*Attorneys for Plaintiff*

**WRADY MICHEL & KING**
505 20th Street North, Suite 1650
Birmingham, Alabama 35203
Joshua@wmalabamalaw.com
Courtney@wmalabamalaw.com
Tel:   (205) 980-5704
Fax:   (205) 994-2819

**DEFENDANT TO BE SERVED BY PROCESS SERVER AT THE FOLLOWING ADDRESS:**

Dolgencorp, LLC
c/o r/a CORPORATION SERVICE COMPANY IN
641 South Lawrence Street
Montgomery, Alabama 36104